Earl Dan HILL, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 382S90.

Supreme Court of Indiana.

June 28, 1983.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted, after trial by jury, of Armed Robbery, Ind.

Code § 35–42–5–1 (Burns 1979), and of being an Habitual Offender, Ind.Code § 35–50–2–8 (Burns Supp.1982) and was sentenced to a total of fifty (50) years imprisonment. On this direct appeal Defendant challenges only the sufficiency of the evidence to sustain the Armed Robbery conviction. At the outset, we note our standard of review:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. (citations omitted).

The evidence most favorable to the State reveals that on January 11, 1980, the defendant entered a liquor store, brandished a handgun, and relieved the establishment's two employees, witnesses Russo and Bishop, of the contents of the cash register. Both witnesses identified Defendant at the trial as the perpetrator of the crime. A few hours subsequent to the robbery, Russo selected the defendant's photograph from approximately two hundred police file photographs as portraying the robber. At some subsequent date, he and Bishop were presented with an array of six photographs, two of whom were of the defendant. He selected both of the photographs of the defendant as being of the man who robbed him and Bishop selected one of them as portraying the robber and said that the other was "substantially similar" to him.

In addition to the aforementioned eyewitness identification testimony, the defendant's nephew, McDonald, testified that he and the defendant went to the liquor store together during the evening hours and that the defendant came out carrying some beer. On the following day, Defendant told McDonald that he had "robbed a place" the night before.

Although Defendant acknowledges the aforestated standard of appellate review for sufficiency of the evidence, he argues that because of "contradictions and anomalies" in the testimony of State's witnesses, the evidence of guilt was not creditworthy. Specifically he points to some contradictory testimony concerning the bandit's height and hair color and the type of cap that he had worn. He also attempts to make some issue concerning McDonald's testimony that the defendant had a "slightly effeminate voice" and the testimony of eyewitness Russo to the effect that he noticed nothing distinctive about it. Clearly these matters are not of such significance as to preclude the jury from determining the issues.

Defendant further points to the failure of the eyewitnesses to corroborate McDonald's testimony that the defendant was carrying beer when he came out of the liquor store and some minor discrepancies in the descriptions of the bandit as related by the eyewitnesses to the police.

In essence, the defendant merely asks us to redetermine the credibility of the witnesses and the weight of the evidence, which we cannot do. The matters presented on appeal were matters for the jury to determine, and it did so, on ample evidence. Defendant was identified by both victims of the robbery and made admissions to his nephew, McDonald, who may have unwittingly driven the getaway car, which, in context, gave rise to a reasonable inference that he committed the crime.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.